UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**WISCONSIN SHEET METAL WORKERS HEALTH
AND BENEFIT FUND and MICHAEL MOONEY
(in his capacity as Trustee),**

        **Plaintiffs,**

   **v.**                                                           **Case No. 19-cv-227**

**WISCONSIN MECHANICAL SOLUTIONS, INC.**

        **Defendant.**
_____

## COMPLAINT
_____

NOW COME the Plaintiffs, by their attorneys, The Previant Law Firm S.C, by John J. Brennan, and as and for a cause of action against the Defendants, allege and show to the Court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Defendant Wisconsin Mechanical Solutions, Inc. (hereinafter referred to as "Wisconsin Mechanical" or "Defendant") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act

("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendant is a Wisconsin limited liability company with a principal place of business located in Marathon County, Wisconsin.

### Parties

3. Plaintiff Wisconsin Sheet Metal Workers Health and Benefit Fund is an employee benefit plan within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said plans. Said plan maintains offices at 2201 Springdale Road, Waukesha, Wisconsin 53186.

4. Plaintiff Michael Mooney is a trustee and fiduciary of the Wisconsin Sheet Metal Workers Health and Benefit Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Mooney maintains an office at 2201 Springdale Road, Waukesha, Wisconsin 53186.

5. Wisconsin Mechanical Solutions, Inc. is a corporation organized under the laws of Wisconsin and is engaged in business with principal offices located at 1045 Indianhead Drive, Mosinee, Wisconsin 54455. Its registered agent for service of process is Craig Solinsky at the principal place of business.

**Facts**

6. Wisconsin Mechanical is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

7. For all times relevant, Wisconsin Mechanical was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Union.

8. The Union represents, for purposes of collective bargaining, certain Wisconsin Mechanical employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby Wisconsin Mechanical agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, Wisconsin Mechanical adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations

heretofore and hereafter adopted by the trustees of said trust funds, Wisconsin Mechanical has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Funds pursuant to the trust agreements;

    d. to adopt and abide by all of the actions of the trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

    e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    f. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney's fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

12. Wisconsin Mechanical has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a. failing to make continuing and prompt payments to the Funds and

        Union as required by the Labor Agreements and trust agreements for all of Wisconsin Mechanical' covered employees; and

    b. failing to accurately report employee work status to the Funds.

13. ERISA § 502(g)(2), as amended by the MPPAA provides:

  (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

  (A) the unpaid contributions,

  (B) interest on the unpaid contributions,

  (C) an amount equal to the greater of --

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

  (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Despite demands that Wisconsin Mechanical perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that said Defendant has failed, neglected, omitted and refused to make those payments. Wisconsin Mechanical is now indebted to the Plaintiff Fund as follows:

<u>Audited Period August 1, 2017 through October 31, 2018</u>

Wisconsin Sheet Metal Workers Health and Benefit Fund          $10,263.10

16. Due demand has been made by the Fund upon Wisconsin Mechanical for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

17. Because, as the Fund is informed and believe, Wisconsin Mechanical has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Fund's trust funds is reduced, the Fund's income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Fund's employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

18. Because Wisconsin Mechanical has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and

would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Fund demands the following relief:

1. Judgment on behalf of the Fund and against the Defendant:

    A. For unpaid contributions, interest and liquidated damages for the period August 1, 2017 through October 31, 2018 to the commencement of this action;

    B. For unpaid contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 22nd day of March, 2019.

s/John J. Brennan
John J. Brennan (SBN 1018604)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: jjb@previant.com

Attorney for Plaintiffs
